# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GLORIA JEAN BEAL MERCHANT,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

_____ /

Case No. 1:25-cv-00372-KES-SKO

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED, AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS

(Doc. 11)

14-DAY DEADLINE

## I.    INTRODUCTION

On March 27, 2025, Plaintiff Gloria Jean Beal Merchant ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits (DIB) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto,

_____

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

United States Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted, that the final judgment of the Commissioner be reversed, and that the action be remanded to the Commissioner for further proceedings.

## II.    BACKGROUND

Plaintiff was born in 1955, has some college education, and previously worked as a loan officer and a job coach.  (Administrative Record ("AR") 24, 26, 43, 119, 128, 150, 458, 471, 477, 517.)  Plaintiff filed a claim for DIB payments on February 25, 2020, alleging she became disabled on October 20, 2019, due to high blood pressure, fibromyalgia, a stomach condition, a heart condition, type 2 diabetes, [chronic obstructive pulmonary disease] (COPD), a lower back condition, a thyroid condition, a vision condition, and depression.  (AR 119–20, 128, 129, 471, 477, 517.)  She thereafter amended her alleged onset date to November 5, 2014.  (AR 143.)

### A.    Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on October 21, 2020, and again on reconsideration on March 17, 2021.  (AR 165–69, 177–82.)  Following a hearing, an Administrative Law Judge (ALJ) issued a written decision on April 13, 2022, finding Plaintiff not disabled.  (AR 143–52.)  The Appeals Council granted Plaintiff's request for review on February 6, 2023.  (AR 160–62.)  On remand, the Appeals Council directed the assigned ALJ to conduct a *de novo* hearing, to take any further action needed to complete the record, and to issue a new written decision.  (AR 160–62.)

At the hearing held on April 9, 2024, Plaintiff appeared via teleconference with counsel and testified before an ALJ as to her alleged disabling conditions and work history.  (AR 43–57.)  A vocational expert (VE) also testified at the hearing.  (AR 57–59.)  The ALJ thereafter issued a new decision once again finding Plaintiff not disabled.  (AR 17–27.)

### B.    The ALJ's Decision

In a decision dated June 14, 2024, the ALJ found that Plaintiff was not disabled, as defined

---

[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 14.)

by the Act.  (AR 17–27.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520.  (AR 20–27.)  The ALJ decided that Plaintiff met the insured status requirements of the Act through June 30, 2016, and she had not engaged in substantial gainful activity from October 20, 2019, through June 30, 2016 (step one).[3]  (AR 20.)  At step two, the ALJ found Plaintiff's fibromyalgia to be severe.  (AR 20–22.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 22–23.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five.  *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 404.1567(b) except never climb ladders, ropes or scaffolds or work around heavy machinery.  Occasionally stoop, kneel, crouch and crawl.  Would need to wear prescription lenses and glasses.

(AR 23–26.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision."  (AR 24.)

The ALJ determined that Plaintiff could perform her past relevant work as a loan officer and a job coach (step four).  (AR 26–27.)  The ALJ concluded Plaintiff was not disabled from October 20, 2019, through June 30, 2016.  (AR 27.)

---

[3] The ALJ's decision references October 20, 2019, as Plaintiff's alleged onset date.  (*See* AR 20.)  Both parties agree that this is a harmless typographical error, as Plaintiff had amended her alleged onset date to November 5, 2014 (*see* Doc. 11 at 2 n.1; Doc. 13 at 1 n.1).  *See Gervais v. Colvin*, No. EDCV 12-1115-JPR, 2013 WL 3200518, *6 (C.D. Cal. June 24, 2013) (finding transcription error harmless).

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule.  TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff sought review of this decision before the Appeals Council, which denied review on January 22, 2025.  (AR 1–6.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

4

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454

F.3d 1050, 1055–56 (9th Cir. 2006)).  Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.   DISCUSSION

Plaintiff asserts two claims of error: 1) the RFC was not supported by substantial evidence because the ALJ independently interpreted medical records without the aid of a medical expert rather than further developing the record; and 2) the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints. (Doc. 11.)  The undersigned agrees that the ALJ erred in the evaluation of Plaintiff's testimony and on that basis will recommend that the decision be reversed and the action be remanded for further proceedings.

### A.   Legal Standard

In evaluating the credibility of a claimant's testimony regarding their impairments, an ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.  *Id*.  The claimant is not required to show that the impairment "could reasonably be expected to cause the severity of the symptom [they have] alleged; [they] need only show that it could reasonably have caused some degree of the symptom."  *Id*. (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if they give "specific, clear and convincing reasons" for the rejection. [5]  *Id*.  As the Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of

---

[5] The undersigned disagrees with the Commissioner that a lesser legal standard applies.  (*See* Doc. 13 at 3 n.2.)

treatment; and (3) the claimant's daily activities.  If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009).  Other factors the ALJ may consider include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which they complain.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding required in Social Security cases.'"  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).  General findings are not sufficient to satisfy this standard; the ALJ "'must identify what testimony is not credible and what evidence undermines the claimant's complaints.'"  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.    Analysis**

**1.    The ALJ Erred in Discounting Plaintiff's Subjective Complaints**

Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms [,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 24.)  Because the ALJ did not make any finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. *Vasquez*, 572 F.3d at 591.

In discrediting Plaintiff's statements, the ALJ found that they were

inconsistent because the medical records prior to the date last insured are minimal. Her activities of daily living during the relevant period are inconsistent with her alleged limitations.  The objective evidence does not support the claimant's statements of limitation.

(AR 26.)  The foregoing is the entire subjective symptom discussion, and it is insufficient.  For example, the ALJ failed to specifically refer to what parts of the objective evidence or which daily activities undermined her testimony; it is merely a conclusory statement that the objective medical

evidence and Plaintiff's daily activities, mentioned earlier within the decision, are not consistent with Plaintiff's subjective testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *Burrell*, 775 F.3d at 1138.

Under *Brown-Hunter*, the observations an ALJ makes as part of the summary of the medical record are <u>not</u> sufficient to establish clear and convincing reasons for rejecting a Plaintiff's credibility. 806 F.3d at 494. Instead, the ALJ must <u>link</u> the medical evidence at issue to the Plaintiff's testimony. *Id*. Under *Burrell*, the ALJ must specify "which daily activities conflicted with which part of [the plaintiff]'s testimony." 775 F.3d at 1138. Here, the ALJ did neither. This nexus is required because, without that specification, the Court is left to speculate as to which statements the ALJ intended to discount and how they are undermined by the evidence—which the Court may not do. *Brown-Hunter*, 806 F.3d 487, 494–95 (9th Cir. 2015) ("We cannot review whether the ALJ provided specific, clear and convincing reasons for rejecting [the claimant]'s pain testimony where, as here, the ALJ never identified **which** testimony she found not credible, and never explained **which** evidence contradicted that testimony . . . . In sum, we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.") (emphasis in original). *See also Burrell*, 775 F.3d 1133, 1138 (explaining that we may not "take a general finding—an unspecified conflict between [c]laimant's testimony . . . and her reports to doctors—and comb the administrative record to find specific conflicts"). While the Ninth Circuit does not "require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits," the ALJ must do more than what was done here, which consisted of "offering non-specific conclusions" that Plaintiff's credibility was diminished by inconsistencies in the record. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

The Commissioner points to statements made by the ALJ in the summation of the medical evidence supporting the RFC determination and contends the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony beyond these three conclusory sentences. (*See* Doc. 13 at 3–5 (discussing Plaintiff's receipt of "conservative treatment").) The Ninth Circuit has explained, however, that "summariz[ing] the medical evidence supporting [the] RFC determination . . . is not the sort of explanation or the kind of 'specific reasons' [the Court] must have in order to . . . ensure

8

that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 494.  As set forth above, the ALJ's observations in the summary of the medical record are not sufficient to establish clear and convincing reasons for rejecting a Plaintiff's credibility.  The ALJ must instead provide a link between the record and the Plaintiff's testimony. *See Argueta v. Colvin*, No. 1:15–cv–01110–SKO, 2016 WL 4138577, at *13 (E.D. Cal. Aug. 3, 2016).

The undersigned therefore concludes that the ALJ did not specifically identify which portions of Plaintiff's testimony conflicted with which parts of the record they noted and the nature of the conflict.  Because this Court's review is limited to the rationale provided by the ALJ, the post-hoc rationalizations and inferences advanced by the Commissioner cannot justify the ALJ's rejection of Plaintiff's subjective testimony.  *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

### 2.    The ALJ's Error Was Not Harmless

The undersigned now turns to the analysis of whether this error by the ALJ was harmless.  The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina*, 674 F.3d at 1115 (citing *Stout*, 454 F.3d at 1054); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 932 n.10 (9th Cir. 2014) (stating that the harmless error analysis applies where the ALJ errs by not discharging their duty to develop the record).  As such, "the court will not reverse an ALJ's decision for harmless error." *Tommasetti*, 533 F.3d at 1038 (citing *Robbins*, 466 F.3d at 885).

An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (stating that an error is also harmless "'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity'") (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)).  "In other words,

in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Molina*, 674 F.3d at 1115. "[T]he nature of [the] application" of the "harmless error analysis to social security cases" is "fact-intensive—'no presumptions operate' and '[courts] must analyze harmlessness in light of the circumstances of the case.'" *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1121). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki*, 556 U.S. at 409 (citations omitted).

The record establishes that the ALJ's error was not harmless. Had the ALJ credited Plaintiff's symptom statements regarding certain functional abilities and included appropriate limitations in the RFC, the disability determination may have been different, especially given that Plaintiff alleged significant limitations, including an inability to get out of bed some days. (AR 24, 50–51, 103.) *See also* AR 58–59 (VE testimony that missing two or more days of work per month is work preclusive.) Thus, the error was not "inconsequential to the ultimate nondisability determination," *Molina*, 674 F.3d at 1115, and was not harmless.

### 3.    The ALJ's Error Warrants Remand for Further Proceedings

Where the ALJ commits an error and that error is not harmless, the "ordinary . . . rule" is "to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099 (citations omitted). The Ninth Circuit recognized a limited exception to this typical course where courts "remand[] for an award of benefits instead of further proceedings." *Id.* at 1100–01 (citations omitted); *see also id.* at 1100 (noting that this exception is "sometimes referred to as the 'credit-as-true' rule"). In determining whether to apply this exception to the "ordinary remand rule," the court must determine, in part, whether (1) "the record has been fully developed;" (2) "there are outstanding issues that must be resolved before a determination of disability can be made;" and (3) "further administrative proceedings would be useful." *Id.* at 1101 (citations omitted). As to the last inquiry, additional "[a]dministrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (citations omitted). Ultimately, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the

court's] discretion." *Swenson*, 876 F.2d at 689 (citation omitted).

The undersigned finds, and Plaintiff acknowledges, (*see* Doc. 11 at 13), that the "credit-as-true" exception to the "ordinary remand rule" is inapplicable in this case because additional administrative proceedings would be useful. If the ALJ changes its evaluation of Plaintiff's subjective complaints, any warranted additional limitations should be incorporated in the RFC. Conversely, there may be clear and convincing reasons the ALJ can offer to discount the testimony. *See Voisard v. Berryhill*, No. 2:17–CV–1023-EFB, 2018 WL 4488474, at *5 (E.D. Cal. Sept. 19, 2018) ("That the ALJ failed to provide sufficient reasons for discounting plaintiff's subjective testimony in this instance does not compel a finding that he is unable to do so.").

Even if the ALJ decides to credit as true some or all of Plaintiff's symptom statements and adjust the RFC determination for Plaintiff, the ALJ may still conclude that Plaintiff is not disabled because she has the RFC to perform the requirements of her past relevant work or other work that exists in significant numbers in the national economy. The ALJ may also elect to further develop the record, if deemed necessary. Further proceedings would therefore be useful to allow the ALJ to resolve this "outstanding issue[]" before a proper disability determination can be made. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988).

On remand, the ALJ should reevaluate Plaintiff's symptom testimony and address any necessary changes to the RFC determination. If the ALJ again discounts Plaintiff's subjective symptoms, the ALJ can then provide an adequate discussion of the specific testimony they are discounting and the specific evidence that contradicts that testimony. *See Payan v. Colvin*, 672 F. App'x 732, 733 (9th Cir. 2016). The ALJ must also reevaluate their conclusions at steps four and five of the disability determination considering any changes to Plaintiff's RFC.

**C.     The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the undersigned finds that remand is appropriate for further proceedings, it does not reach Plaintiff's additional assertion of error directed to the RFC determination, which will necessarily be reassessed upon remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D.

11

Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**V.      FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for summary judgment (Doc. 11) be GRANTED;

2.      The final decision of the Commissioner of Social Security be REVERSED;

3.      This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

4.      The Clerk of Court be DIRECTED to enter judgment in favor of Plaintiff Gloria Jean Beal Merchant, and against Defendant Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 8, 2026**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE